ALBANY,
Dec. 1833.

Burhans
v.
Burhans.

W. BURHANS vs. J. L. BURHANS, executor of J. Burhans.

Where a cause is referred on an agreement according to the statute, between a claimant and the executor of a deceased person, and a report is made, and the claimant dies after the report and before judgment actually entered, the court, on motion at a *special term*, will give leave to have judgment entered in the names of the original parties, at any time within two terms after the report; the rule for confirmation and judgment to be entered at a *general term.*

W. BURHANS, and J. L. Burhans as executor of J. Burhans, entered into an agreement in writing to refer the claims of W. Burhans upon the estate of J. Burhans to three disinterested persons, which was approved by the surrogate, and a rule was entered in this court referring the matter in controversy to the persons thus selected, in pursuance of the provisions of the revised statutes, 2 R. S. 88, § 36. On the 18th *November* last, the referees made a report in favor of the claimant for $909. On the 7th *December* the claimant died, and now a motion is made, on notice to the defendant, for leave to enter judgment in the names of the original parties.

*R. W. Peckham,* for the motion.

*By the Court,* NELSON, J. The provisions of the revised statutes, 2 R. S. 89, § 37, and 2 R. S. 385, § 48, authorize us to say that the *report* of the referees in this case is within the spirit of the act allowing final judgment to be entered in the names of the original parties within two terms after a *verdict,* if either party die before judgment be actually entered. 2 R. S. 387, § 4. Judgment, therefore, may be entered upon the report, the same as after a verdict, by the leave of the court, which is correctly applied for at a *special term;* but the rule for confirmation and judgment must be entered at a *general term,* and within two terms after the report. Judgment is entered upon the report in the same manner and with the like effect as upon the verdict of a jury; consequently the rule for

December 19.

ALBANY,
Dec. 1833.

judgment does not become perfect until the expiration of four days, within which time the defendant may move to set aside the report.