1837.

Hoffman
v.
Tredwell.

---

### Hoffman *vs.* Tredwell and others.

Where a bill is filed for partition of real estate and for an account of the rents and profits thereof received by the defendants, and the suit afterwards abates by the death of the complainant, the heir at law may apply by petition to revive the suit, so far as relates to the partition of the estate and the rents and profits subsequent to the descent to such heir, without joining with the personal representatives of the original complainant, who are entitled to the rents and profits which accrued before that time.

And if the personal representatives of the decedent neglect to revive the suit so far as their interest is concerned, the defendants may proceed as in other cases where the representatives of a sole complainant neglect to revive the suit after his death.

March 7.

THE bill in this cause was filed for the partition of real estate and for an account and payment of the complainant's share of the rents and profits. After the cause was in readiness for hearing upon the pleadings and proofs as to a part of the defendants, and upon the bill taken as confessed as to others, the sole complainant died intestate. E. H. Hoffman, her heiress at law, thereupon presented a petition to the vice chancellor, praying that the suit might be revived in the name of the petitioner as complainant. The vice chancellor, upon hearing the parties, made an order for the revival of the suit, so far as related to the rights of the petitioner in the real estate of the decedent as her sole heiress at law only, leaving the suit still abated as to so much thereof as sought an account of the rents and profits receiv-

ed by one of the defendants previous to the death of the decedent. From this decision of the vice chancellor, three of the defendants who had appeared in the cause appealed.

*W. Silliman,* for the appellants.

*H. M. Western,* for the respondent.

THE CHANCELLOR. Previous to the death of the complainant, the right to prosecute the suit for a partition of the land, and the right to an account and payment of her share of the rents and profits which had been received by one of the defendants exclusively, belonged to one and the same person, and might therefore be properly joined in the same bill. But upon her death the right to the rents and profits previously accrued was cast upon her personal representative, for the benefit of creditors or distributees ; and the right to a partition of the land, and to the future rents and profits merely, belonged to the petitioner, as the heiress at law. It is evident, therefore, that the petitioner has no right to revive the suit so far as relates to the rents and profits accrued before the death of the decedent, which are a part of the personal estate. And upon the principle of the provision of the revised statutes authorizing a surviving complainant to proceed, in certain cases, notwithstanding the abatement of the suit as to a part of the original subject of litigation, (2 *R. S.* 184, § 108,) I think the petitioner was authorized to revive the suit so far as she only was interested in its further prosecution, leaving the parties interested in the other part of the litigation to revive it or not, as to the rents and profits, as they should think proper.[a] If the defendants wish to put an end to that part of the litigation, they can proceed against the personal representative of the decedent under the 118th and 119th sections of the statute relative to the revival of suits in equity. (2 *R. S.* 185.)

The order appealed from must, therefore, be affirmed, with costs, to be paid to the respondent Eliza H. Hoffman. And the order of affirmance is to be entitled in the suit as revived in the name of the petitioner.

[a] See *Ferrers* v. *Cheny,* 1 *Equity Cases Abridged,* 4, *pl.* 11.