Campbell, J. (with the concurrence of two of his associates.)
The statute, 2 R. S. 381, § 4, provides for the entry of final judgments on verdicts in the name of the original parties, within two terms after verdict, notwithstanding the death of either party after verdict and before such final judgment is entered.
Judgment may be entered upon the report of referees the same as upon verdict; and this was expressly decided in Burhans v. *661 Burhans, 10 Wend. 601; the statute applying virtually to both in spirit if not in terms.
This case is different from that of an executor prosecuting in his own name, as executor for the recovery of a claim originating in the lifetime of the testator. In such case, the executor may be excused from costs, because, in the language of the opinions, “ he cannot understand the whole subject.” (Ketchum v. Ketchum, 4 Cowen 87.) It is not the case of executors applying for leave to discontinue a suit before verdict, without costs, for the same reason might apply that they had not sufficient knowledge of the facts to enable them to prosecute, even though there might be, in point of fact, a good cause of action.
In Seymour v. Dego, 5 Cowen, 289, the facts were like the present, except in that case the plaintiff was nonsuited; in this, there was a report against him. It was, therefore, in that case purely a question of costs. Hothing was settled. Here is a report which, if affirmed and final judgment entered upon it, settles the matter in controversy.
The rule is well settled, (2 Tidd’s Practice, 845 ; 2 Dunlop’s Pr. 746,) that “if either party die after a special verdict, and pending the time taken for argument or advising thereon, or on motion in arrest of judgment, or for a new trial, judgment may be entered at common law after his death, or of the term in which the portea was returnable, or judgment would otherwise have been given, nime pro tuno/” and the very good reason given is, that “ the delay arising from acts of the court may not prejudice the party.” But the delay may arise, and the prejudice be done, as well by giving the opposing party time to prepare and argue his case, as in postponing the decision after argument. It is true, as alleged, that there is no one to stand up and argue the case, according to the fiction, that the parties are present in court conducting their own actions. But a cause on argument is very different from a cause on trial. In the former, on a suggestion from any one, the court might look into the matter, and see whether the report or verdict should be set aside, and this it would be competent and proper to do, though no argument was had. Hot so ordinarily in a tidal, where witnesses are to be produced and testimony taken.
*662 In the case of Sir John Trelawney v. Bishop of Winchester, 1 Burrows 221, the plaintiff died during the first argument, but the event did not prevent the court from proceeding to hear a second argument after the lapse of more than a year. (See Springled v. Jayne, 4 Cowen 423; Spalding v. Congden, 18 Wend. 543.)
The case in 20 Wend. 677, cited on behalf of the executors, was a motion for leave to enter a judgment on demurrer, which the court said was not a final judgment; and that it would not settle the matter in controversy.
Upon the whole, we think this motion should be denied.