## NEW YORK SUPERIOR COURT.

### ROGERS agt. ADRIANCE.

*The doctrine of* privity *has never been carried so far as to authorize a revivor in a suit brought by a party in interest, who dies, and the appointment of an executor, no revival by him but a* transfer *of the right and subject of the action and a* revivor by the assignee.

*Special Term, May,* 1861.

MOTION on behalf of an assignee of an executor to revive an action.

HOFFMAN, Justice. The court of chancery adopted a series of rules for continuing a suit in cases of death, changes in the relations of parties, or transfers of their interest in the subject matter. An abatement was treated merely as a suspension of the suit. (1 *Sumner*, 173.)

The means of continuing the suit were, a bill of revivor, an original bill in the nature of a bill of a revivor, a supplemental bill in nature of a bill of revivor, and a bill of supplement and revivor.

The distinctions need not be noticed, except that a mere bill of revivor was used when there was a direct devolution of interest upon death by force of law, as to an executor or an heir. So if a female marry during suit. But if a new party takes by the act of the original party, as by a devise, an original in the nature of a bill of revivor is appropriate. (*Lube*, 295 ; 1 *Comst.*, 214 ; 2 *Daniel's Pr.*, 1411, 1412.)

There must, however, have been a privity between the original party and the proposed new party. Thus, a devisee continued the action in the manner stated ; but if there had been discovered a subsequent will, the devisee in that new will could not avail himself of the bill to revive filed by the other devisee. (*Oldham* agt. *Eboral, Cooper's Sel. Cases*, 27, *and other authorities cited;* 2 *Daniel*, 1402.) If

the bill had been filed by the devisee for himself, the second devisee could revive, because he derived title from the devisor independently of the first devisee.

It has been determined that where an administrator had sued, and died, an administrator *de bonis non* could revive. (2 *Eq. Cas. Ab.*, 3; *Lord Redesdale*, 64; 2 *Daniel*, 1411; *see Brady* agt. *McCosker*, 1 *Comst.*, 214.)

I have searched carefully, and cannot find anything like a case of a suit by a party in interest, his death, appointment of an executor, no revival by him, but a transfer of the right and subject of action, and a revivor by the assignee. I do not believe that the doctrine of privity has ever been carried so far. (*See* 10 *How.*, 253; 1 *Bosw.*, 571.)

The Code, it seems to me, does not in this particular authorize what would not have been allowed before its adoption.