## GUY v. CRAIGHEAD.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. CONTRACTS—PAYMENT OF DIVIDENDS—EVIDENCE.
   In an action on a contract whereby defendant agreed to pay plaintiff 5 per cent. annually on the par value of certain shares of stock of a corporation of which defendant was an officer, it is immaterial whether or not the certificates of stock were ever actually issued to plaintiff.

2. ASSIGNMENT FOR PURPOSE OF SUIT—VALIDITY.
   An assignment of a contract by an executor in order to enable the assignee to sue in the state where the defendant resides is valid, passing the legal title, and it is immaterial whether the assignment was made for a valuable consideration.

Appeal from circuit court, New York county.

Action by Fred. E. Guy against Horace Craighead, individually and as executor of the estate of Robert Craighead, deceased. From a judgment entered on verdict directed by the court, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. Strauss, for appellant.

E. B. Hill, for respondent.

PATTERSON, J. This action was brought against the defendant, Horace Craighead, individually and as executor of Robert Craighead, deceased, to recover upon a sealed instrument made and delivered by both Robert Craighead and Horace Craighead to representatives of the estate of George W. Simmons of Massachusetts. By the terms of the sealed instrument referred to, the Craigheads agreed to pay semiannually to the covenantees 5 per cent. of the par value of certain shares of stock of the Craighead & Kintz Manufacturing Company for the term of five years, beginning September 1, 1883, upon condition that the covenantors should receive from the covenantees an amount of money equal to the dividends to which such stock would be entitled during the said five years, whenever and as such dividends might be declared from time to time, and in no event to receive more money than should have been paid out under the instrument. It appeared in evidence that George W. Simmons, shortly before his death, had entered upon negotiations with Horace and Robert Craighead looking to the sale by him to them, or a corporation in which they were interested or were to form, of certain real estate situate in the state of Massachusetts, which the Craigheads desired to purchase, to be used as a factory by the corporation referred to; and Mr. Simmons signed a paper as a subscriber to shares of stock of that corporation of the value of $55,000, $5,000 of which was to be paid in cash and the remainder to represent the purchase price of the realty. There seems to have been no other agreement made by Simmons than this subscription paper, but there was a parol understanding with respect to the sale of the real estate. Mr,

Simmons died before the corporation was fully organized, and thereupon representatives of his estate and the guardians of infants interested in that estate,—the latter by permission of the probate court of Massachusetts,—entered into the agreement sued on, and released all their right, title, and interest to the real estate, and assented to the payment of $5,000 from the personalty of Mr. Simmons, in order that the arrangement made by Mr. Simmons in his lifetime with the Craigheads might be substantially carried into effect. It appeared by the complaint that Robert Craighead died, and letters testamentary upon his estate were issued to the defendant, Horace Craighead, and that neither of the Craigheads has paid any of the amounts due under the instrument to the parties entitled to them, all of whom assigned their claims and interests to the plaintiff. The answer contains denials of many of the substantial allegations of the complaint, all of which, however, were sufficiently proven, and then proceeds to set up certain affirmative defenses, viz. that the Craigheads were induced to execute the contract under duress, and that there was no consideration passing to the Craigheads personally for the promise made by them, and that the plaintiffs never accepted the shares of stock and never became stockholders in the corporation, and that it was understood at the time the contract was made that in no event were payments to be made by the Craigheads under the contract except out of the salary which the defendant, Horace Craighead, was to receive as president of the corporation.

Concerning the first affirmative defense relating to the coercion or duress, there is not one syllable of proof in the record to maintain it. As to the want of consideration for the covenant, apart from the instrument being under seal, it is alleged by the defendant's answer, as well as shown by testimony introduced by him, that the Craigheads were actively interested in promoting the establishment of the corporation in Massachusetts, and in the purchase of the Massachusetts real estate for the purposes of the corporation. Horace Craighead was the president of the corporation, and was receiving a salary, and was largely interested in the enterprise, in addition to which it is not claimed that the contract with reference to the conveyance of the Massachusetts real estate was not performed by the heirs at law of Mr. Simmons. It is entirely immaterial whether the covenantees actually received a certificate of the shares of stock. The undertaking of the defendants was to pay to them the sum equal to 10 per cent. per annum of the par value of the shares as against which they were to offset whatever dividends were declared upon such shares. There is no evidence that any dividends were declared, or that the plaintiff's assignors were in any way in default in carrying out any term of the contract incumbent upon them to perform. There is no evidence as to there being any agreement that the 10 per cent. should be paid out of the salary received by Horace Craighead as president of the company. Under this state of facts appearing on the trial a motion was made to dismiss the complaint, which was properly

denied. At the close of the case, counsel for the defendant asked the court to submit certain questions to the jury, which was refused, as there was nothing to go to the jury. In that ruling counsel for the defendant seemed to acquiesce, because no exception was taken to the direction or the court's refusal.

It is contended by the appellant that there was error in admitting in evidence an assignment made to the plaintiff by administrators of certain of the parties interested in the cause of action, and by guardians of infants also interested in the cause of action. The claim is that those interests could not be transferred by such assignments, so as to enable the assignee to sue in this state. The objection was clearly untenable. Foreign executors and administrators may assign claims in their own jurisdictions to residents of this state qualified to sue. Petersen v. Bank, 32 N. Y. 21. And guardians of infants may do the same if their assignment is sufficient to pass a legal title to the claim in the place at which the assignment is made. There is testimony in this case of a member of the Massachusetts bar that the probate court in that state had authority to permit the infants' guardians to make the assignment of their interests, which was offered and received in evidence in this case. Whether the assignment was for a valuable consideration or not is of no consequence. It is sufficient that it passed the legal title to the claim to the plaintiff. Sheridan v. Mayor, etc., 68 N. Y. 30. None of the other objections to testimony require any consideration. There is no exception to the rulings of the court as to many of them, and those that are excepted to are altogether unimportant. The direction of a verdict was correct. There was nothing whatever to go to the jury, and the plaintiff is plainly entitled to recover upon the case as made.

Judgment must be affirmed, with costs. All concur.