(27 Misc. Rep. 609.)

CHENEY v. RANKIN et al.

(Supreme Court, Trial Term, Rensselaer County. December, 1898.)

1. ABATEMENT AND REVIVAL—PARTITION—DEATH OF SOLE PLAINTIFF.
　　Since a cause of action for partition survives the death of the sole party, an action therefor does not abate on the death of the sole party plaintiff, under Code Civ. Proc. § 755, providing that, where a cause of action survives, an action thereon does not abate.

2. SAME—SUCCESSOR IN INTEREST—RIGHT TO CONTINUE.
　　The grantee of an heir of lands is a successor in interest to the intestate, within Code Civ. Proc. § 757, providing that in case of death of a sole plaintiff, if the cause of action survives, the court must, on motion, allow its continuance by or against his representatives or successors in interest.

3. SAME—LACHES.
　　The right of such successor to an order of revival can only be defeated by his laches.

4. SAME.
　　Code Civ. Proc. § 761, provides that after the death of a sole plaintiff, the court may, on notice and on application of the adverse party, direct that the action abate, etc. Held, that death of a sole plaintiff in partition did not effect an abatement of the action, but that it survived until abated in the manner provided.

5. SAME—NEW ACTION—RIGHT TO BRING.
　　A suit for partition, not dismissed nor abated by order of court, as required by Code Civ. Proc. § 761, on the death of a sole plaintiff, is a bar to a new action for the same cause between substantially the same parties and demanding substantially the same judgment.

Partition by Edward D. Cheney against Warner C. Rankin and others. Judgment for defendant Rankin.

On the 2d day of September, 1896, Phœbe A. Cheney and Edward D. Cheney were the owners, as tenants in common, of certain real estate in the city of Troy. On that day an action of partition was commenced by Phœbe A. Cheney as plaintiff, in which action Edward D. Cheney and Margaret A. Cheney, his wife, Mary C. Perry, Rice C. Bull, Edward McGraw, Rollin C. Reynolds, Albert E. Grant, and Samuel O. Gleason were defendants. Notice of pendency of the action was duly filed on the 4th day of September, 1896. The complaint alleges that Margaret A. Cheney is the wife of Edward D. Cheney, and as such has an inchoate right of dower in the undivided half of said real estate; that the defendant Mary C. Perry is made a party defendant as the supposed

owner of a mortgage upon the whole of said real estate; that the defendant Rice C. Bull is made a party defendant as the supposed owner of a mortgage upon the undivided half of the defendant Edward D. Cheney; that the defendants Edward McGraw and Rollin C. Reynolds are tenants under the defendant Edward D. Cheney of separate portions of the premises; that the defendant Albert E. Grant is made a party defendant as the supposed owner of a judgment of foreclosure of a mortgage upon other premises of Edward D. Cheney, and he is made a party defendant so that the amount of any judgment of deficiency, if the same is entered prior to the determination of this action, may be satisfied in its proper order out of the interest of said Edward D. Cheney; that Samuel O. Gleason is made a party defendant as the supposed owner of a certificate of tax sale of the whole of said real property. The complaint also alleges that the defendant Edward D. Cheney has, ever since the 8th day of November, 1886, received and collected the rents, etc., to his own use, and has retained the plaintiff's share; and the plaintiff desires, pursuant to section 1589 of the Code of Civil Procedure, that the court shall adjust the rights of said plaintiff and said defendant Edward D. Cheney in regard to said rents, etc. The summons and complaint were duly served on all the defendants, and the defendants Mary C. Perry and Samuel O. Gleason appeared in the action. On the 13th day of March, 1897, Jeremiah K. Long, of Troy, N. Y., was duly appointed referee to ascertain and report the rights, shares, and interests of the several parties to the action in the property described in the complaint, and as to the rents collected, etc. On the 27th day of April, 1897, the plaintiff in that action, Phœbe A. Cheney, died intestate, leaving, her surviving, as her only heirs at law, two children, Carrie P. Rankin and the said Edward D. Cheney. Edward D. Cheney then became the owner of an undivided three-fourths interest in the said property, and Carrie P. Rankin the owner of an undivided one-fourth interest therein. Thereafter Carrie P. Rankin sold her interest in said premises to her son, Warner C. Rankin. No order has been made discontinuing the action commenced by Phœbe A. Cheney; neither has there been an order reviving that action. On or about the 16th day of October, 1897, said Edward D. Cheney commenced another action of partition of the same premises, making Margaret A. Cheney, Rice C. Bull, Mary C. Perry, and Warner C. Rankin defendants. The complaint in this action alleges that Edward D. Cheney is the owner of an undivided three-fourths interest in the said premises, and the defendant Warner C. Rankin the owner of an undivided one-fourth interest therein; that the defendant Margaret A. Cheney is the wife of the plaintiff, and as such has an inchoate right of dower in the plaintiff's interest in said premises; that the defendant Mary C. Perry is the owner of a mortgage covering the whole of said premises; that the defendant Rice C. Bull is the owner of a mortgage covering an undivided one-half interest in said premises. In this action there is no demand for an accounting of rents collected. The defendant Warner C. Rankin appears in the action, and sets up the pendency of the former action, in abatement and as a bar to this action.

George R. Donnan, for plaintiff.
Lansing & Holmes, for defendant Rankin.

CHASE, J. The cause of action stated in the complaint in the case of Cheney against Cheney and others survived. As the cause of action survived, the action itself did not abate. Code Civ. Proc. § 755. Section 757 of the Code of Civil Procedure provides:

"In case of the death of a sole plaintiff, * * * if the cause of action survives or continues, the court must upon a motion allow or compel the action to be continued by or against his representative, or successor in interest."

Phœbe A. Cheney died intestate, and her children, Edward D. Cheney and Carrie P. Rankin, were her successors in interest. Warner C. Rankin purchased of Carrie P. Rankin her interest in said premises, and became the successor in interest of the plaintiff to the

extent of such share. McLachlin v. Brett, 27 Hun, 18; Schlichter v. Saw-Mill Co., 35 Hun, 339; Robinson v. Brisbane, 7 Hun, 180. The only case, of which I am aware, holding that a grantee of an heir at law is not a successor in interest of the intestate, is the case of Rogers v. Adriance, 22 How. Prac. 97. The opinion in that case erroneously construed the provisions relating to the revivor of actions, and is overruled by the later cases that I have cited above.

Warner C. Rankin, being a successor in interest to the plaintiff in the first action, is, on application to the court, entitled as a matter of right to an order reviving that action, and such right can only be defeated by his laches. Code Civ. Proc. § 757; Crowley v. Murphy, 33 App. Div. 456, 54 N. Y. Supp. 54. It has not been suggested that the defendant Rankin in this action has been guilty of laches that would defeat an application by him for the revivor of the first action, and in any event the first action is actually pending until it is discontinued by act of the parties or abated in the manner provided by section 761 of the Code of Civil Procedure.

Albert E. Grant, defendant in the first action and omitted in this action, was an unnecessary defendant. Samuel O. Gleason, a defendant in the first action and omitted in this action, is omitted by reason of the fact that the interest alleged to be in him under the complaint in the first action has been settled and released to other parties to this action. Edward D. McGraw and Rollin C. Reynolds, defendants in the first action, were made such as tenants, and now have no interest in the property. The former action was regularly brought; all the parties interested in the property were actually before the court, and the case had proceeded to a reference when the plaintiff died. The parties to the first action and their successors in interest are entitled to the benefits of the proceeding already had and expenses incurred in that action. The proceedings in that action should continue, after a revival, as though the persons succeeding to the plaintiff's interest had been in the action from the beginning. The successors in interest of Phœbe A. Cheney took their interest subject to all incumbrances, including the notice of pendency of the action of partition. The same title is involved in both actions. The purpose of the actions, respectively, is the partition and sale of the real estate described, and the distribution of the proceeds thereof among the parties entitled thereto. In the first action an accounting was demanded from Edward C. Rankin of the rents and profits of the real estate. The successors in interest of Phœbe A. Cheney are entitled to a revivor of the action, as far as it related to the partition of the real estate, without reference to the accounting for rents and profits. Hoffman v. Tredwell, 6 Paige, 308.

The parties to either action are entitled, by virtue of the provisions of the Code of Civil Procedure, to have the question of rents and profits collected by the several tenants in common settled and adjusted in the action. The parties and cause of action in Cheney against Cheney and others are substantially the same in every respect as the parties and cause of action herein. It is admitted that all the parties necessary to a complete determination among the parties interested were before the court in the first action, and that all material ques-

tions and rights can be determined in that action. Great confusion
and wrong would result if a rule were established which would allow
a new action in partition to be brought at any time, when a party to
a prior action in partition dies, if in the new action an immaterial
variation were made in the parties or an unimportant change were
made in the demand for judgment. The action of Phœbe A. Cheney
against Edward D. Cheney and others ought to be, and is, a bar to
this action.

Findings and judgment may be prepared accordingly, with costs
to the defendant Rankin.