## McNULTA v. HUNTINGTON.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. ABATEMENT AND REVIVAL—DEATH OF PARTIES.
    Under Code Civ. Proc. § 755, providing that an action does not abate by any event if the cause of action survives, an action to recover a specific sum on an express contract does not abate because of the death of both plaintiff and defendant.

2. SAME—DECEASED PLAINTIFF—FOREIGN ADMINISTRATOR—ASSIGNEE—RIGHTS.
    Code Civ. Proc. § 756, provides that in case of a transfer of interest the action may be continued by the original party, unless the court directs the person to whom the interest is transferred to be substituted in the action; and section 757 declares that in case of the death of a sole plaintiff, if the cause of action survives, the court must, on motion, allow the action to be continued by plaintiff's representative or successor in interest. Held, that an action can be revived and continued in the name of an assignee of the foreign administrator of a deceased party plain-

tiff, since the assignee was a successor in interest, within the meaning
of the Code.

**8. SAME—REVIVAL.—VALIDITY.**

An action was commenced against H. and C., and on C.'s death a mo-
tion to sever the action was denied on the ground that it had abated as
to C., and that plaintiff could proceed separately against H., who subse-
quently died. *Held*, that an order reviving the action was not invalid, in
failing to bring in the personal representatives of C., since such repre-
sentatives would not be bound by the proceedings already taken.

Appeal from special term, New York county.

Action by John McNulta against Collis P. Huntington. From an
order granting a motion that George E. Spencer be substituted as
plaintiff, and directing a continuance of the action in his name,
the executrix and executors of defendant appeal. Affirmed.

The action was originally brought against Collis P. Huntington and
Charles F. Crocker to recover the sum of $18,400, on an express contract on
their part to pay plaintiff that amount. The defendant Crocker died in
California in August, 1897. On the 24th of September thereafter, plaintiff,
upon due notice to Huntington, moved for an order severing the case; but
the court denied the motion upon the ground that the action had abated as
to Crocker, and might proceed separately as to Huntington. The court, on
stipulation of the parties, made an order on the 18th day of October, 1898,
referring the case to a referee to hear, try, and determine. At the close of
the plaintiff's case, defendant moved for a dismissal of the complaint. Sub-
sequently, and before the decision of this motion, the plaintiff and the re-
maining defendant died, leaving no party to the action living. Plaintiff at
the time of his death was a resident of Cook county, Ill. The probate court
of that county duly issued letters of administration upon his estate to Laura
McNulta, who subsequently assigned the claim upon which this action is
based to George E. Spencer, a resident of New York City.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRA-
HAM, and LAUGHLIN, JJ.

Maxwell Evarts, for appellants.

Herbert Barry, for respondent.

LAUGHLIN, J. The cause of action survived, and the action did
not abate by the death of the parties. Code Civ. Proc. § 755; Hols-
man v. St. John, 90 N. Y. 461. Foreign executors or administra-
tors may assign a cause of action, and an action to enforce the
same may be maintained in the courts of this state by the assignee.
Peterson v. Bank, 32 N. Y. 21, 88 Am. Dec. 298; Guy v. Graighead,
6 App. Div. 463, 39 N. Y. Supp. 688. Counsel for appellants, while
not questioning the doctrine of these cases, contends, upon the au-
thority of Rogers v. Adriance, 22 How. Prac. 97,—a special term
decision made in 1861, under section 121 of the Code of Procedure,
—that an action can only be revived in favor of an executor, ad-
ministrator, or heir, and not in favor of the assignee of the execu-
tor or administrator of a deceased party. The question hinges upon
the proper construction of the first sentence of section 757 of the
Code of Civil Procedure, which is a re-enactment of a similar pro-
vision of section 121 of the Code of Procedure, and reads as follows:

"In case of the death of a sole plaintiff or a sole defendant, if the cause
of action survives or continues, the court must, upon a motion, allow or com-
pel the action to be continued, by or against his representative or successor
in interest."

We see no reason for placing a narrow, technical construction on this statute. The foreign executors or administrators would have the right, upon taking out ancillary letters in this state, to be substituted as plaintiffs. We know of no law that would then prohibit their assigning the cause of action to Spencer, and the court might then substitute him as plaintiff. Code Civ. Proc. § 756. A construction which authorizes the assignment of the cause of action by the foreign administrators or executors, without requiring that the action be first revived in their names, can affect no vested right of the defendant, and will enable the settlement of the estate of such deceased parties without awaiting the result of protracted litigation in foreign jurisdictions. An assignee of the administrator of a deceased party plaintiff is the "successor in interest" of such deceased party, within the intent and meaning of this provision of the Code, and it has been so held in a similar case in the general term of this department. McLachlin v. Brett, 27 Hun, 18. An appeal in that case was dismissed by the court of appeals without opinion. Id., 90 N. Y. 653. If the legislature intended to confine the revival of an action in such case to the immediate successor in interest of the deceased party, we think more appropriate words would have been employed to express that meaning. We are of the opinion, therefore, both upon principle and upon authority, that the assignee of the foreign executor or administrator of a deceased party plaintiff may revive and continue the action in his own name.

It is further objected that the order is invalid in not requiring the bringing in of the personal representatives of Crocker, and directing the continuance of the action against them, also, as defendants. Such administrators would not be bound by the proceedings already had in the action. The plaintiff was entitled to the benefit of such proceedings, including the evidence presented to establish his case. We deem this objection, therefore, untenable.

The order should be affirmed, with $10 costs and disbursements. All concur.