JOSEPH ZALEWSKI, Plaintiff, *v.* MARY ZALEWSKI, EDNA ZALEWSKI, Widow of CHARLES ZALEWSKI, Deceased, EDNA ZALEWSKI, as Administratrix of the Goods, Chattels and Credits Which Were of USTYNA ZALEWSKI, Deceased, EDNA ZALEWSKI, as Administratrix of the Goods, Chattels and Credits Which Were of CHARLES ZALEWSKI, Deceased, and EDNA ZALEWSKI, as Committee of the Person and Estate of MARY ZALEWSKI, an Incompetent Person, FRANCESO VERSACE, MIKE MAZZIO, MARIE FALICE and THE PEOPLE OF THE STATE OF NEW YORK, Defendants.

County Court, Kings County, March, 1922.

Partition — death of plaintiff after entry of interlocutory judgment no obstacle to entry of final judgment — unnecessary to substitute new party as plaintiff.

An interlocutory judgment in partition is to all intents and purposes a final judgment and in the event of the death of the plaintiff between the date of the entry of judgment and the sale, the substitution of a new party plaintiff is unnecessary; under and pursuant to the terms of the interlocutory judgment the property may be advertised and sold and the sale confirmed and conveyance duly made.

Under section 1018 of the Civil Practice Act a mere creditor is not eligible as party plaintiff and his motion to be substituted in the place and stead of the deceased plaintiff must be denied, and the fact that no heir can be found to accept substitution has no bearing upon the situation.

MOTION to substitute new plaintiff in place of deceased plaintiff in partition action.

*Griffiths, Kornicher & Gardner,* for petitioner Charles Schnaars.

*William C. Foster,* for Edna Zalewski, individually, as administratrix, and as committee, joining in petition.

*Lewis C. Grover,* executor under will of Theodore Burgmyer, deceased, in opposition.

TAYLOR, J. This is a motion to substitute a new plaintiff in the place and stead of a deceased plaintiff. The action is for partition of real estate. Prior to the plaintiff's death interlocutory judgment was entered, fixing the rights of the parties and appointing a referee to conduct a sale, and otherwise in accordance with the terms of the statute. The property has not yet been advertised for sale, or sold, pursuant to the judgment. This motion is made by a creditor of the deceased plaintiff's estate, appearing for such purpose by attorneys who had not previously appeared on behalf of any party to the action. The motion papers allege inability to find an heir-at-law of the deceased plaintiff within the jurisdiction, to accept substitution.

The motion must fail, if for no other reason than that a mere creditor is not eligible as party plaintiff. Section 1018 of the Civil Practice Act provides that no person other than a joint tenant or a tenant in common shall be a plaintiff in a partition suit. The fact that no heir can be found to accept substitution has no bearing upon the situation. The procedure is purely statutory.

This brings up the interesting question as to whether or not a substitution is necessary when the plaintiff in partition dies between interlocutory judgment and sale. An analysis of the situation would indicate that it is not. Interlocutory judgment in partition is to all intents and purposes a final judgment. It cannot be made otherwise than a final judgment by merely calling it something else. It declares the right, share or interest of each party in the property, and directs a sale. The title given to the purchaser is good as against any one claiming from or under the parties to the action and their representatives, by title accruing after the filing of the *lis pendens;* or in any event, after entry of interlocutory judgment. All subsequent procedure is in accordance with the terms of the interlocutory judgment and of the statute. At no time is the plaintiff called upon to take any further procedural step. The sale is conducted by a referee, upon whose shoulders is also placed the duty of publishing the notice of sale. Any party whose interest in the property has been adjudicated by the interlocutory judgment may move for confirmation of sale and for the so-called final judgment; although the latter is, in its true intent and meaning, an order supplemental to judgment, made for the purpose of confirming the procedure, and which carries the provisions of the latter into effect. In addition to confirmation, the interlocutory judgment directs the execution of the conveyance and the application of the proceeds of the sale. But these proceeds are required to be awarded to the same parties whose rights have been sold, in proportion thereto; in other words, in accordance with the rights of the parties as determined by the interlocutory judgment. If a party in interest dies following interlocutory judgment, the share of such party may be claimed by his or her personal representatives, even though the final judgment may have been entered without knowledge of the death of such party, and without substitution. The land title is not invalidated, nor is any of the intermediate procedure disturbed thereby.

The courts have long treated interlocutory judgments in partition as being final in their nature. In *Requa* v. *Holmes,* 16 N. Y. 193, one of the defendant common owners in a previous partition suit had died before the entry of the decretal order (interlocutory judgment). One of the decedent's heirs thereafter brought eject-

ment against the purchaser at the partition sale. The court, in holding that the failure to revive the suit as against the heirs nullified the subsequent procedure so far as the decedent's moiety was concerned, placed its decision upon the ground that the decedent's death was prior to the decretal order, and concerning the force and effect of the latter, said: " The decretal order directing the sale was the final judgment of the court, so far as related to the passing of the title to the premises."

In *Taggart* v. *Hurlburt*, 66 Barb. 553, an equitable partition suit, it was held that an appeal would not lie from a Special Term order confirming the report of a referee made in conformity with the interlocutory judgment, upon the ground that the interlocutory judgment decided the whole issue between the parties and left nothing open and reserved except matters of detail in carrying out the same, and that, therefore, appeal on the point in issue lay from the interlocutory judgment only.

In *Thwing* v. *Thwing*, 9 Abb. Pr. 323, the plaintiff died after interlocutory judgment and order of sale, and after advertising had commenced. His heirs were substituted. Thereafter the purchaser refused title upon the ground that the advertising had been completed under the original title. Held, that it was unnecessary to advertise anew. One of the two grounds of the decision is that inasmuch as the interlocutory judgment was perfected before the plaintiff's death the rights of the parties thereafter were not in the lands, but in the proceeds, and that the only matter changed by the plaintiff's death was the distribution of the money share of the deceased plaintiff, which would be regulated on motion.

The old Chancery practice in partition recognized the necessity of a bill of revivor only where the plaintiff died prior to the decretal order. *Hoffman* v. *Tredwell*, 6 Paige, 308; *Requa* v. *Holmes, supra.* But there seems to be no authority suspending proceedings pending bill of revivor, where plaintiff's death occurred after the decretal order.

The case at bar bears analogy to those cases where under both the common-law and Chancery practice, and also under our modern statutory practice, it has been permitted to confirm the report of a referee, or enter judgment after verdict, even though the plaintiff be dead. 2 Tidd Pr. 845; 2 Dunlap Pr. 746; *Scranton* v. *Baxter*, 3 Sandf. 660; *Read & Redman's Case*, 10 Coke, 134; *Moor* v. *Roberts*, 3 C. B. (N. S.) 830, 844; S. C., 91 E. C. L. 844; *Hemming* v. *Batchelor*, 44 L. J. Exch. 54; S. C., L. R. 10 Exch. 54; *Blewett* v. *Tregonning*, 4 Ad. & El. 1002; *Spalding* v. *Congdon*, 18 Wend. 543; *Wood* v. *Phillips*, 11 Abb. Pr. (N. S.) 1; *Burhans* v. *Burhans*, 10 Wend. 601.

For the foregoing reasons the court is of the opinion that in the case at bar, notwithstanding the necessity of denying this motion upon the ground of statutory ineligibility of the person making it, the property may nevertheless be advertised and sold pursuant to the terms of the interlocutory judgment, and the sale confirmed and conveyance duly made, without the necessity of substitution.

Motion denied.