OPINION OF THE COURT
Herbert Kramer, J.
*988 When a tenant holding property in a joint tenancy with rights of survivorship dies during the pendency of a partition proceeding, is the tenancy deemed severed such that the heirs may claim an interest in the property?
The now deceased plaintiff and the two defendants were siblings and joint tenants in a property that is the subject of this action for partition. The partition action proceeded only so far as the entry of an order appointing a referee to take an accounting when plaintiff died. No accounting was made and no sale was had and no final judgment of partition was entered.
Plaintiffs husband, the executor of her estate, moves for an order substituting him in this action and for a declaratory judgment that as plaintiffs successor in interest he has an interest in the subject property and is entitled to partition. He argues that an order of this court directing partition defined the rights of the parties and granted partition. The defendants oppose, arguing that the partition action did not ripen sufficiently so as to sever the joint tenancy. They argue that it is therefore only the two surviving defendants that have claims upon the property since the death of their joint tenant extinguished the interest of any of her heirs or successors.
In August of 2004, the decedent commenced an action in partition against her two sibling joint tenants. In December of 2004 the decedent moved for summary judgment in the partition action and defendant DePrima sought summary judgment on the grounds of adverse possession. In June of 2005 this court denied defendant DePrima’s motion and granted the decedent’s motion for partition as a matter of right. Contrary to the contention of plaintiffs executor such determination did not constitute a final judgment of partition, but rather a determination that the movant was entitled to proceed with the partition action — an essential component of which is the appointment of a referee to make an accounting. (Tedesco v Tedesco, 269 AD2d 660 [3d Dept 2000]; Worthing v Cossar, 93 AD2d 515 [4th Dept 1983].) Thus, in that June order, the parties were invited to make an appropriate application as to the claims that remained to be resolved. In June of 2006 an order designating a referee in the partition action issued upon the motion made by John Desmond Jr. that was granted on default. No further action was taken and the plaintiff passed away on August 6, 2006.
“[T]he apparently universal rule in this country is that a pending suit for partition of a joint tenancy does not survive the death of one of the tenants.
*989 This rule is compelled by two related concepts: first, the theory of survivorship - that at the moment of death title to the property vests exclusively in the surviving joint tenant or tenants; and second, the doctrine that severance of the joint tenancy does not occur until the suit for partition reaches final judgment. Therefore, unless partition has been decreed before the death of the joint tenant, no interest in the property remains in the representatives of the decedent which can support an action for partition.” (Cobb v Gilmer, 365 F2d 931, 933 [DC Cir 1966], quoted by Rusnak v Phebus, 2008 WL 2229514, *4, 2008 Tenn App LEXIS 328, *10-11 [2008].)
The same rule is essentially acknowledged by New York courts with some fact dependent provisos. (See Ellison v Murphy, 128 Misc 471 [Sup Ct, Chemung County 1927]; Zalewski v Zalewski, 118 Misc 346 [Kings County Ct 1922]; O’Brien v O’Brien, 89 Misc 2d 433 [Sup Ct, Oneida County 1976].) In Ellison (at 472), the court denied the executor’s demand for partition, applying the rule in the most straightforward manner, holding that “the commencement of the action amounted to no more than a request by the plaintiff that the court order the property to be sold, and that no severance would occur until the granting of a judgment in the action decreeing a partition and sale.” In O’Brien (at 434), a case upon which the movant relies heavily, the court acknowledged the general rule but found an exception in the fact that unlike the circumstances at bar, the parties had stipulated to all of the pertinent facts and all that remained to be done was a computation of the “interests] and liabilities of the joint tenants” and as such “the referee’s actions were mere formalities and the partition was by consent.” Indeed dispositive in this determination was that all the “parties [had] consented to partition .... [and w]hen the parties agree, in writing, that there shall be a partition it is not necessary that it be reduced to judgment or prescribed in a deed.” (Id.)
Finally, in Zalewski (at 347), the plaintiff in a partition action died between the interlocutory judgment and the sale, and by way of dicta, the Zalewski court opined that an
“interlocutory judgment in partition is to all intents and purposes a final judgment. It cannot be made otherwise than a final judgment by merely calling it something else. It declares the right, share or interest of each party in the property, and directs a sale *990 . . . All subsequent procedure is in accordance with the terms of the interlocutory judgment and of the statute . . . At no time is the plaintiff called upon to take any further procedural step. The sale is conducted by a referee, upon whose shoulders is also placed the duty of publishing the notice of sale. Any party whose interest in the property has been adjudicated by the interlocutory judgment may move for confirmation of sale and for the so-called final judgment; although the latter is, in its true intent and meaning, an order supplemental to judgment, made for the purpose of confirming the procedure, and which carries the provision of the latter into effect ... If a party in interest dies following the interlocutory judgment, the share of such party may be claimed by his or her personal representatives, even though the final judgment may have been entered without knowledge of the death of such party.”
Thus, the question that needs to be answered in the case at bar is whether, as the movant argues, this court’s decision of June of 2005 granting the motion for partition, or the default order that issued in June of 2006 appointing a referee to ascertain the rights, shares and interests of the various parties would constitute an interlocutory judgment that “declares the right, share or interest of each party in the property, and directs a sale” (id. [emphasis added]).
This court holds that no judgment either interlocutory or final was entered in this case. The statutory scheme describing the partition procedure clearly indicates this, as it describes the order that issued at bar that calls for a reference to ascertain the rights, shares and interests of the parties in the property as one that issues before interlocutory judgment is rendered (RPAPL 911), and further recites that an “interlocutory judgment shall determine the right, share or interest of each party in the property, as far as the same has been ascertained.” (RPAPL 915.) No such judgment issued in this matter. Moreover, and contrary to counsel’s contention, this matter was hotly disputed and could hardly be characterized as one in which there was a virtual agreement between the parties. The affidavit submitted by the plaintiffs executor reveals that any attempts to settle this matter between the siblings met with abject failure.
Accordingly, the motion by Frank E. Orlando is granted to the extent that it seeks to substitute the executor, Frank E. *991 Orlando, of the estate of Joanne Desmond Orlando for the recently deceased plaintiff, Joanne Desmond Orlando, and restore this matter to the active court calendar. However, his request for a declaration that he has an interest in this property and is entitled to partition is denied.
The cross motion made by John Desmond Jr. for a declaration that John Desmond Jr. has a one-half interest in the property located at 492 19th Street, Brooklyn, New York (hereinafter, property) and that defendant Denise DePrima has the remaining one-half interest in this property is granted.
It is thus hereby ordered, adjudged and declared that the plaintiff’s executor Frank E. Orlando has no interest in this property and is not entitled to partition; John Desmond Jr. has a one-half interest in the property; and Denise DePrima has the remaining one-half interest in the property.
The parties are to proceed in accordance with this court’s order of June 9, 2006 which ordered a reference in this matter.