In an action for the partition and sale of real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated June 12, 2009, as denied her motion to confirm a referee’s report dated October 31, 2008, finding, inter alia, that the joint tenancy of the decedents Lenore Brundage and Virginia A. Slobey with respect to real property located at 50 West Lake Drive in Montauk was severed prior to the death of Lenore Brundage, *955 and granted those branches of the cross motion of the defendant Pamela Slobey, as administrator of the estate of Virginia A. Slobey, which were to reject so much of the referee’s report as found that the subject joint tenancy was severed prior to the death of Lenore Brundage, and to dismiss so much of the complaint as sought the partition and sale of the real property located at 50 West Lake Drive in Montauk.
Ordered that the order is affirmed insofar as appealed from, with costs.
By deed dated September 1, 1953, Lenore Brundage (hereinafter Brundage) and Virginia A. Slobey (hereinafter Slobey) acquired title to an improved parcel of property located in Montauk as joint tenants with right of survivorship (hereinafter the Upland Property). By a deed dated December 4, 1974, Brundage and Slobey acquired title to an adjacent parcel of property located under the water of Lake Montauk as tenants in common (hereinafter the Underwater Property). Brundage and Slobey lived together at a house located on the Upland Property for more than 30 years.
In December 2004, after moving out of the house located on the Upland Property, Brundage commenced the instant action against Slobey seeking a partition and sale of both the Upland Property and the Underwater Property. In July 2005 the Supreme Court issued an order appointing a referee to report on, inter alia, the issue of whether the property was so circumstanced that a partition could not be executed without great prejudice to the owners and a sale was, thus, necessary. In May 2006 Brundage passed away, and in November 2006 Slobey passed away. In July 2008 the Supreme Court issued an order substituting the executor of Brundage’s estate and the administrator of Slobey’s estate as the plaintiff and the defendant, respectively, in this action.
In October 2008 the parties entered into a stipulation, so-ordered by the court, in which they agreed that the referee shall ascertain and report, inter alia, on the legal status of the joint tenancy. Thereafter, the referee issued a report in which he found, inter alia, that the joint tenancy of Brundage and Slobey with respect to the Upland Property was severed prior to Brundage’s death.
In the order appealed from, the Supreme Court, inter alia, denied that branch of the plaintiff’s motion which was to confirm the referee’s report and granted those branches of the defendant’s cross motion which were to reject so much of the referee’s report as found that the joint tenancy of Brundage and Slobey with respect to the Upland Property was severed prior to *956 Brundage’s death and to dismiss so much of the complaint as sought the partition and sale of the Upland Property. We affirm the order insofar as appealed from.
“A joint tenancy is an estate held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and creating in each joint tenant a right of survivorship” (24 NY Jur 2d, Cotenancy and Partition § 16, at 332). “The continuance of the joint tenancy depends on the maintenance of the unities of title, interest and possession; and the destruction of any of these unities leads to a severance of the tenancy, and to the creation either of a tenancy in common or of several tenancies” (Loker v Edmans, 204 App Div 223, 226 [1923] [internal quotation marks omitted]).
Contrary to the plaintiff’s contention, Brundage did not destroy the unity of possession or the unity of interest by moving out of the house located on the Upland Property or commencing the partition action. At the time of her death, both she and Slobey were each still entitled to common possession of the entire Upland Property, and neither of them was “exclusively seized” of any portion of that property (Matter of Tilley, 166 App Div 240, 242 [1915], affd 215 NY 702 [1915]; see Loker v Edmans, 204 App Div 223, 226 [1923]; Orlando v DePrima, 22 Misc 3d 987, 988-990 [2008]; Ellison v Murphy, 128 Misc 471, 472 [1927]). Thus, the right of survivorship was not severed prior to Brundage’s death.
The plaintiff’s remaining contentions are without merit. Fisher, J.P, Lott, Austin and Sgroi, JJ., concur.